UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERTC EXPRESS, LLC**       **CIVIL ACTION FILE**

**Plaintiff,**      **NO.**

**V.**

**DERRICK LEE WILLIAMS**

**Defendant.**

## COMPLAINT

COMES NOW ERTC Express, LLC, and files this its Complaint against Derrick Lee Williams, and shows this Court as follows:

### Parties, Jurisdiction, and Venue

1. ERTC Express, LLC ("ERTC") is a Wyoming limited liability company registered to transact business in Florida.
2. For citizenship purposes, the sole member of ERTC is a Citizen of Florida.
3. ERTC's principal offices are located in Tampa, Florida.
4. Derrick Lee Williams is an individual and Citizen of Florida who is reasonably believed to reside at 11309 N 51st St., Unit 101, Tampa, FL 33617.
5. ERTC brings this action primarily under 18 USC § 1030 which is the federal Computer Fraud and Abuse Act.

6. Subject matter jurisdiction is proper pursuant to 28 USC § 1331.

7. The Court has supplemental jurisdiction over state law claims under 28 USC § 1367.

8. This Court has personal jurisdiction over the Defendant.

9. Venue is proper pursuant to 28 USC 1391(b)(1).

## General Allegations

10. ERTC is one of the largest processors of employee retention credits ("ERC") as authorized by 26 USC § 3134.

11. ERTC assists businesses in determining eligibility in the first instance and then calculates the amount the business may be entitled to seek, and in those instances where the business provides the proper authorization will file the paperwork with the IRS.

12. Defendant Williams was hired by ERTC as an account executive on or about February 1, 2023.

13. As part of his employment Defendant Williams executed an Employment, Confidentiality, and Non-Circumvention Agreement, a copy of which is attached hereto as Exhibit "A."

14. As part of his employment, and in order to do his work for ERTC, Defendant Williams was given access to various password-controlled computer database and communication programs.

15. On December 15, 2023:

a. at 8:20 AM, the decision was made to terminate Defendant Williams' employment with ERTC.

b. at 8:27 AM Defendant Williams' access to the ERTC portal and Hubspot was terminated.

c. at 8:35 AM Defendant Williams informed ERTC via Slack, a business messaging application, that he would be late for work.

d. at 10:46 AM Defendant Williams emailed ERTC's human resources department to say that he was going to be working from home due to car trouble.

e. at 11:15, Defendant Williams was informed by telephone that his employment with ERTC was terminated effective immediately. Defendant Williams indicated that he was out of town and couldn't turn in his laptop that day.

f. at 11:21 AM ERTC turned off all access to all other systems that had been previously granted to Defendant Williams. Despite the efforts to exclude Defendant Williams from the system he later exploited an in-session loophole that allowed him to have unauthorized access.

g. beginning at 2:35 PM, Defendant, without authorization, accessed the ERTC telecommunication software module from KIXIE, its sales engagement platform and sent 90 text messages to 58 clients of

    ERTC. A copy of the date, time, recipient and content of the message is attached hereto as Exhibit "B."

16. As a result of Defendant Williams' unauthorized access of the ERTC KIXIE system, its executives and information technology personnel spent and continue to spend significant time investigating and trying to resolve the intrusion into the system and the value of that time exceeds $5,000.

## Count One

### Violation of the Federal Computer Fraud and Abuse Act

17. Plaintiff incorporates paragraphs 12-16 above is fully set forth herein.

18. On December 18, 2023, ERTC filed a complaint with the Florida Department of Law Enforcement and on December 29, 2023, notified the FBI Internet Crime Complaint Center.

19. Pursuant to 18 USC § 1030(g), Defendant Williams has violated CFAA, causing damage to Plaintiff for which it is entitled to recover.

## Count Two

### Violation of the Florida Computer Abuse and Data Recovery Act

20. Plaintiff incorporates paragraphs 12-16 as if fully set forth herein.

21. Defendant Williams was an unauthorized user who knowingly and with the intent to cause transmitted a command to a protected computer without authorization causing harm to ERTC as prohibited by FL ST § 668.803.

22. Plaintiff is entitled to actual damages and injunctive and other equitable relief as necessary to prevent future violations as allowed by FL ST § 668.804.

## Count Three

## Defamation

23. Plaintiff incorporates paragraphs 15€ and 15(g) as if fully set forth herein.

24. Over the relatively short period of time that ERTC has been operating, it has enjoyed a positive reputation among ERC processors. It has been prominently featured and its executives quoted in the Business Observer, Axios, Tampa Bay Business Journal, and the Wall Street Journal among others.

25. Defendant Williams contacted 58 then current customers of ERTC and informed each and every customer that ERTC did "a lot of fraud" and then provided the cell phone number for ERTC's CEO John Souza.

26. Defendant Williams then notified ERTC that he had notified five different reporters for the Tampa Bay Times that ERTC was engaged in fraud for the purpose of generating negative publicity.

27. Many of the customers notified contacted ERTC and/or Souza to express concern, outrage, or frustration.

28. Defendant Williams was a successful account executive and knew full well at all times relevant hereto that ERTC processed all claims in a manner that

is beyond reproach, and which was consistent with all regulations and legal requirements.

29. Defendant Williams' statements with regard to fraud were knowingly false.

30. As a result of Defendant Williams' defamatory statements to customers and the Tampa Bay Times, ERTC has suffered actual damages.

## Count Four

## Tortious Interference

31. Plaintiff incorporates paragraphs 15€, 15(g), and 25 above as if fully set forth herein.

32. ERTC had business relationships with the 58 clients referenced in paragraph 15(g) and Exhibit "B."

33. Defendant Williams knew that the 58 clients referenced in paragraph 15(g) and Exhibit "B" were ERTC customers.

34. The 58 customers' business relationships were worth at least $290,000 in fees to ERTC.

35. Prior to his termination, Defendant started, or prepared to start, a business called Tax Titan Prep offering services that appear to compete with ERTC.

36. The purpose of Defendant Williams contacting the 58 clients and asserting that ERTC was engaged in fraudulent conduct was to cause harm to ERTC out of spite of having been terminated and to divert some business away from ERTC.

37. As a result of Defendant Williams' conduct, ERTC has been harmed.

## Count Five

## Punitive Damages

38. ERTC incorporates paragraphs 12-37 above as if fully set forth herein.

39. Defendant Williams' misconduct as alleged above was intentional, or in the alternative was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of ERTC.

40. As a result of the allegations set forth above, ERTC is entitled to recover punitive damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff ERTC Express, LLC demands judgment and prays for all actual, consequential, and punitive damages allowed by law.

This the 29th day of January, 2024.

        */s/ Adam Wolfe*
        Adam M. Wolfe
        Wolfe Law Tampa PLLC
        400 N. Tampa Street, Suite 2820
        Tampa, FL 33602
        813-803-0022
        adam@lawwolfe.com

        Ryan L. Isenberg (Pro Hac Vice to be filed)
        Isenberg & Hewitt, P.C.
        1200 Altmore Ave., Suite 120
        Sandy Springs, GA 30342
        770-351-4400
        ryan@ihlaw.us